IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ROBERT NEAL HICKS,

    Petitioner,

v.                                                     Civil Action No. 3:09CV413

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Robert Neal Hicks ("Hicks"), a Virginia prisoner, brings this petition for a writ of habeas corpus challenging his conviction in the Circuit Court for Nottoway County ("Circuit Court") for distribution of cocaine. Hicks contends that he is entitled to relief because he was denied the effective assistance of counsel. Specifically, Hicks contends that:

    Claim 1    Hicks instructed counsel to file an appeal. Counsel failed to file an appeal.

    Claim 2    At sentencing, counsel failed to present mitigating evidence from:
                  (a) Hicks's probation officer and;
                  (b) Hicks's psychiatrist.

## I. PROCEDURAL HISTORY

On October 11, 2007, in the Circuit Court, Hicks pleaded guilty to distribution of cocaine. On January 2, 2008, the Circuit Court sentenced Hicks to twenty years of imprisonment, with fifteen years suspended.[1] Hicks did not appeal. Instead, Hicks retained new counsel, Joseph

---

[1] Hicks was represented by Keith N. Hurley at his plea and sentencing.

Teefey. On February 19, 2008, Mr. Teefey filed a motion for sentence reconsideration on behalf of Hicks. On March 10, 2008, the Circuit Court denied the motion for reconsideration.

On or about December 4, 2008, Hicks filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In that petition, Hicks claimed he was entitled to relief because:

| | |
|---|---|
| Claim a | Counsel failed to file a direct appeal, despite Hicks's request that he do so. |
| Claim b | Counsel performed deficiently at sentencing:<br>(1) Counsel failed to call Hicks's probation officer as a witness;<br>(2) Counsel should have called Hicks's "treating psychiatrist as an expert material witness . . . to further establish the Probation Officer's position of remarkable progress regarding his post-traumatic stress disorder, and suitability for alternative sentencing and probation." (Respt.'s Br. Supp. Mot. Dismiss (Docket No. 15) Ex. 2 ("State Habeas Pet.") 5); and,<br>(3) Counsel should have called Hicks's mother and sister as character witnesses. |

The Commonwealth responded to that petition. The Commonwealth attached a letter from Hick's trial counsel, Keith Hurley, to its response. The Commonwealth, however, did not address Hicks's specific complaints contained in Claim b, but rather deemed Hicks to claim that "Counsel was ineffective for making no argument at sentencing and failing to present the mitigating evidence contained in the presentencing report." (Respt.'s Br. Supp. Mot. Dismiss Ex. 3 at 2.) The Supreme Court adopted the Commonwealth's characterization of Claim b and dismissed Claims a and b for lack of merit.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D.

2

Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been


exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[2] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, Respondent contends that Claim 2(b) is unexhausted because it was never presented to the Supreme Court of Virginia. Respondent further contends that Claim 2(b) would be procedurally barred by Virginia's rule against successive habeas petitions found in section 8.01-654(B)(2) of the Virginia Code if Hicks were now to present this to the Supreme Court of

---

[2] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews*, 105 F.3d at 911 (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

4

Virginia.[3] Respondent, however, has not explained why Claim 2(b) is unexhausted. On state habeas, Hicks claimed counsel was deficient at sentencing because counsel should have called Hicks's "treating psychiatrist as an expert material witness . . . to further establish the Probation Officer's position of remarkable progress regarding his post-traumatic stress disorder, and suitability for alternative sentencing and probation." (State Habeas Pet. at 5.) Although the Supreme Court of Virginia failed to address this claim, that does not alter the fact that it was nevertheless fairly presented to the Supreme Court of Virginia. *Kasi v. Angelone*, 300 F.3d 487, 509 (4th Cir. 2002) (concluding that "'it is the petitioner's argument to the court rather than the court's decision that is dispositive'" of the exhaustion issue (*quoting Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999))). Respondent fails to demonstrate that, under these circumstances, Hicks should be required to return to state court to raise Claim 2(b), much less that the Supreme Court would then apply 8.01-654(B)(2) of the Virginia Code to bar the claim. Accordingly, Respondent's argument that Claim 2(b) is unexhausted and defaulted is rejected. Nevertheless, for the reasons set forth below, Hicks fails to demonstrate that he is entitled to relief on Claim 2(b).

---

[3] The statute provides, in pertinent part:

> Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va. Code § 8.01-654(B)(2) (West 2010).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that to demonstrate the ineffective assistance of counsel, a defendant first must show that counsel's representation was deficient and then must establish that the deficient performance prejudiced the defense. *See id.* at 687. To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689). Prejudice requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "When a defendant asserts prejudice with respect to his sentence, [the court should] 'reweigh the evidence in aggravation against the totality of available mitigating evidence.'" *Hedrick v. True*, 443 F.3d 342, 349 (4th Cir. 2006) (*quoting Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). Finally, in analyzing ineffective assistance of counsel claims, it is not necessary to "determine whether counsel's performance was deficient before examining the prejudice" issue. *Strickland*, 466 U.S. at 697.

### A. Alleged Ineffective Assistance at Sentencing

In Claims 2(a) and 2(b), Hicks faults counsel for not presenting mitigating testimony from Hicks's probation officer, who had prepared the presentence report, and from Hicks's psychiatrist. Hicks explains that his probation officer had "recommended drug treatment and had an expert knowledge of Petitioner, and of mitigating evidence." (§ 2254 Pet. 6.) Hicks contends

that a psychiatrist could have testified regarding his "severe post-traumatic stress disorder, and the considerable progress I have made in the last two years." (State Habeas Pet. Ex. A ¶ 11.)

Hicks faced a sentence of between five and forty years for distribution of cocaine. *See* Va. Code. 18.2-248(c). At sentencing, counsel sought to obtain a lenient sentence by emphasizing Hicks's previous military service and his desire to obtain drug treatment. To support this strategy, counsel elicited statements from Hicks expressing his desire to obtain treatment and his remorse for having committed the present offense. Nevertheless, a lenient sentence was not warranted in light of Hicks's seven prior felony convictions and thirteen misdemeanors. In this regard, the Circuit Court remarked, "[Y]ou're in a category of maybe one half of one percent of the adult men in the Commonwealth of Virginia, or maybe the top one-tenth of one percent, with an atrocious record." (Sent'g Tr. 8.)

Hicks fails to demonstrate that either his probation officer or his psychiatrist could offer any compelling non-cumulative mitigating evidence. The presentence report recounts Hicks's history of post-traumatic stress disorder and Hicks fails to detail the progress he allegedly made within the two years prior to committing the instant offense. Indeed, according to the presentence report, subsequent to committing the offense of distribution of cocaine, Hicks was convicted of assault upon a family member. Given Hicks's criminal record, his failure to reform, and the minimum active term of imprisonment imposed, Hicks fails to demonstrate any reasonable probability that he would have received a lesser sentence had counsel called his psychiatrist and his probation officer to testify at sentencing. Accordingly, Claims 2(a) and 2(b) will be DISMISSED.

## B. Alleged Ineffective Assistance of Counsel at with Respect to Pursuing an Appeal

In support of Claim 1, Hicks states:

> Trial counsel failed to file an appeal from my conviction and/or sentence....
> Petitioner instructed counsel to file an appeal from the abusive sentence, and plea agreement breach that Petitioner would be sentenced within the sentencing guidelines. Counsel stated that Petitioner could not appeal, and that there was nothing to appeal anyway.

(§ 2254 Pet. 5 (spelling corrected).) Counsel's failure to file an appeal after being instructed to do so is *per se* ineffective assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000). When a client does not specifically instruct counsel regarding an appeal, the question becomes whether counsel fulfilled his duty to consult with the defendant about an appeal. *Id.* at 478; *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000). "Consult," as defined by the Supreme Court, means to advise "the defendant about the advantages and disadvantages of taking an appeal, and [make] a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. Courts assess counsel's performance in carrying out the duty to consult under a standard of reasonableness. *Id.* at 481. Thus, if after consulting with the defendant, counsel does not follow the defendant's express instructions, counsel's performance is unreasonable. *Id.* at 478. Furthermore, if counsel did not consult with the defendant, the inquiry turns to whether such failure in itself was unreasonable. *Id.* at 478.

The Constitution requires counsel to consult with the defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [she or] he was interested in appealing." *Id.* at 480.

8

When a defendant establishes that counsel's performance was unreasonable, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Upon such a showing, prejudice is presumed. *Id.*

Respondent asserts that Claim 1 should be dismissed because Hicks cannot demonstrate that the Supreme Court of Virginia's rejection of this claim was unreasonable under 28 U.S.C. § 2254(d).[4] Specifically, Respondent notes:

> The Supreme Court found that this claim was without merit because "the record, including the affidavit of trial counsel and a letter from counsel petitioner retained after his conviction, demonstrates that petitioner never directed trial counsel to appeal petitioner's conviction,. [sic]" (Exhibit 4 at 1-2). Indeed, the court found the record revealed that "Petitioner retained new counsel to file a motion to modify sentence, which was denied by the trial court. Petitioner's subsequent request for an appeal was made after the time period for noting an appeal." (Exhibit 4 at 2). The court concluded, "Petitioner has failed to establish that he objectively and timely demonstrated his intent to appeal." (Exhibit 4 at 2).

(Respt.'s Br. Supp. Mot. Dismiss ¶ 19.)[5] As reflected above, the Supreme Court of Virginia's rejection of Claim 1 rested in large part on what it perceived to be sworn statements from trial counsel. This Court's review of the record reflects that such statements are contained in an

---

[4] Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

[5] Exhibit 4 is the Supreme Court of Virginia's opinion denying Hicks's state petition for a writ of habeas corpus.

9

unsworn letter, rather than in an affidavit as stated in the Supreme Court of Virginia's opinion.[6] (State Habeas Record Repst.'s Mot. Dismiss Ex. 2.) Thus, the record before the Supreme Court of Virginia contained Hicks's uncontroverted sworn statement that appointed counsel "fail[ed] to file an appeal after having been instructed to do so" (State Habeas Pet. 4), and appointed counsel's unsworn assertion that Hicks had not instructed him to file an appeal. Respondent fails to explain why under these circumstances the Supreme Court of Virginia's rejection of Claim 1 was reasonable. *See Strong v. Johnson*, 495 F.3d 134, 142 (4th Cir. 2007) (Gregory, J.) (dissenting) ("Without a verified account or other evidence contradicting [the petitioner's] sworn assertions, the supreme court cannot reasonably determine them to be false."); *see* 28 U.S.C. § 2254(d)(1) (permitting federal habeas relief when the state court's rejection of a claim was based upon an unreasonable determination of the facts). Accordingly, Respondent's motion to dismiss Claim 1 will be DENIED WITHOUT PREJUDICE.

## IV. FURTHER PROCEEDINGS

The motion to dismiss (Docket No. 12) is GRANTED IN PART AND DENIED IN PART. The record will be expanded pursuant to Rule 7 of the Rules Governing § 2254 Motions. The Court will order the parties to provide documents and affidavits concerning Hicks's claim that he directed counsel to file an appeal. The Court will order the parties to provide the following documents:

1. Within twenty (20) days of the date of entry hereof, Hicks shall submit the original copies of any records or correspondence which support his assertion that he conveyed to counsel his desire to file an appeal. To the extent he does not possess a copy of

---

[6] In its motion to dismiss filed in the state habeas proceedings, Respondent referred to counsel's letter as an affidavit.

any particular correspondence, Hicks shall provide a description of the content of the document and any information regarding how the document may be obtained.

2. Hicks is directed to provide the Court with a statement reciting any communications he had with Keith N. Hurley ("trial counsel") and Joseph M. Teefey, Jr. ("post-conviction counsel"). The statement must include a verbatim statement of what Hicks said to his trial counsel and post-conviction counsel and the exact responses from his attorneys. Such statements must be in affidavit form.[7] The statement must recite the date and locations of any conversations that took place. Failure to comply with the foregoing directions may result in the dismissal of Claim 1 with prejudice. *See* Fed. R. Civ. P. 41(b).

3. Within fifty (50) days of the date of entry hereof, Respondent is DIRECTED to obtain from trial counsel and post-conviction counsel certified copies of all correspondence to Hicks regarding an appeal. Additionally, Respondent shall provide the Court with certified copies of all correspondence received by trial counsel and post-conviction counsel from Hicks or sent to Hicks following Hicks's sentencing. Finally, Respondent shall obtain sworn statements from trial counsel and post-conviction counsel regarding their communications with Hicks concerning the pursuit of appeal.

Within fifty (50) days of the date of entry hereof, Respondent shall file his further response to Claim 1. Such response shall address the appropriate method for addressing Claim 1 given the state of the record before the Supreme Court of Virginia. Additionally, in his response Respondent shall also address whether Hicks is entitled to relief on the grounds that trial or post-conviction counsel performed deficiently with respect to any duty to consult with Hicks about pursuing an appeal. *See Lambert v. Johnson*, 2010 WL 2711309, at *1 (4th Cir. July 6, 2010)

---

[7] An affidavit is a sworn statement of facts made on personal knowledge, and affidavits may be submitted by Petitioner or any other witnesses. There are two alternative ways to submit an affidavit to the Court, one of which must be followed. One way is for the person making the affidavit to sign the affidavit and swear to the truth before a notary public. The other way, which does not require a notary public, is for the person making the affidavit to sign the affidavit and certify that he signs under penalty of perjury and understands that he may be prosecuted if the facts he sets forth are untrue.

(No. 07-7492) (concluding petitioner's expressed dissatisfaction with the imposed sentence triggered a duty to consult).

An appropriate Order shall issue.

Dated: 9-9-10
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge