

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT NEAL HICKS,

        Petitioner,

v.                                                 Civil Action No. **3:09CV413**

GENE M. JOHNSON,

        Respondent.

## MEMORANDUM OPINION

Robert Neal Hicks ("Hicks"), a Virginia prisoner, filed this petition for a writ of habeas

corpus challenging his conviction in the Circuit Court for Nottoway County ("Circuit Court") for

distribution of cocaine. Hicks contends that he is entitled to relief because he was denied the

effective assistance of counsel. Specifically, Hicks contends that:

| | |
|---|---|
| Claim 1 | Hicks instructed counsel to file an appeal. Counsel failed to file an appeal. |
| Claim 2 | At sentencing, counsel failed to present mitigating evidence from:<br>(a) Hicks's probation officer and;<br>(b) Hicks's psychiatrist. |

By Memorandum Opinion and Order entered on September 9, 2010, the Court dismissed

Claims 2(a) and 2(b). The Court also directed Hicks, within twenty (20) days of the date of entry

thereof, to submit the copies of any records or correspondence which support his assertion that he

conveyed to counsel his desire to file an appeal. To the extent that he did not possess a copy of

any particular correspondence, the Court directed Hicks to provide a description of the content of

the document and any information regarding how the document may be obtained. Additionally,

the Court directed Hicks to provide the Court with a statement reciting any communications he

had with Keith N. Hurley ("trial counsel") and Joseph M. Teefey, Jr. ("post-conviction counsel").

The Court warned Hicks that the failure to comply with the foregoing directions may result in the dismissal of Claim 1 with prejudice. *See* Fed. R. Civ. P. 41(b).

Hicks failed to comply with the directions of the September 9, 2010 Memorandum Opinion and Order. Accordingly, by Memorandum Order entered on May 2, 2011, the Court directed Hicks, within eleven (11) days of the date of entry thereof, to show good cause why Claim 1 should not be dismissed for failure to comply with September 9, 2010 Memorandum Opinion and Order. Nevertheless, Hicks failed to respond to May 2, 2011 Memorandum Opinion and Order. Hicks's repeated failure to comply with the directives of the Court warrants the dismissal of Claim 1. *See Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989). Accordingly, Claim 1 will be DISMISSED. The petition for a writ of habeas corpus will be DENIED and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Hicks is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 6-15-11
Richmond, Virginia

/s/
_____
James R. Spencer
Chief United States District Judge